# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                            CRIMINAL NO. 25-3517 JB

Jose Magana Garcia,

    Defendant.

## **O R D E R**

THIS MATTER comes on for consideration **sua sponte.** The defendant has been arraigned in the above-styled criminal action and has been given a date by which pre-trial motions shall be filed. In an effort to streamline the discovery process and minimize unnecessary efforts of the Court personnel and counsel, the Court deems that the following discovery will be authorized by the Court through the United States Magistrate Judge.

Wherefore, **IT IS HEREBY ORDERED** as follows:

**1. DEFENDANT IS DEEMED TO REQUEST DISCOVERY UNLESS WAIVER IS FILED.** The Defendant is on notice that unless he or she files with the Court no later than 7 days from the entry of this Order a waiver of request for discovery from the Government signed by the Defendant, the Court will deem the Defendant to have requested discovery and be subject to the reciprocal discovery obligations of Rule 16 of the Federal Rules of Criminal Procedure. *See* Fed. R. Crim. P. 16(b)(1).

**2. DISCLOSURE OF EVIDENCE BY THE GOVERNMENT.** Unless the defendant has filed the aforesaid waiver, and subject to paragraph 12 below, within 14 days of the entry of this Order, the Government shall provide to the Defendant's attorney without motion the discovery to which the

Defendant is entitled pursuant to Rules 16(a)(1)(A), (B), (C), (D), (E), and (F) of the Federal Rules of Criminal Procedure.

3. **DISCLOSURE OF EVIDENCE BY THE DEFENDANT.** If the Defendant has not filed the waiver of request for discovery within 7 days of the entry of this order and the Government has complied with its discovery obligations of Rule 16, the Defendant shall produce within 14 days of the Government's compliance with this disclosure order the discovery to which the Government is entitled pursuant to Rules 16(b)(1)(A) and (B) of the Federal Rules of Criminal Procedure.

4. **EXPERT WITNESSES.** The Court will set a date before trial by which each party shall disclose a written summary of testimony the party intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case in chief at trial. This summary must describe the witness's opinions, the bases and the reasons therefor, and the witness's qualifications.

5. **CONTINUING DUTY TO DISCLOSE.** It is understood that discoverable material may come into the possession of a party after the deadlines set forth in this order. Accordingly, if prior to or during trial a party discovers additional evidence or material which is subject to discovery or inspection under Rule 16, such party shall promptly notify the other party of the existence of the additional evidence or material.

6. **INFORMATION NOT SUBJECT TO DISCLOSURE.** Unless mandated by the remaining paragraphs of this Order, evidence not otherwise subject to disclosure under Rule 16 is not required to be produced pursuant to this standing discovery Order.

7. **DISCLOSURE OF *BRADY*, *GIGLIO* AND JENCKS ACT MATERIALS.** The Government shall make available to the Defendant by the time required by the applicable law all material for which disclosure is mandated by *Brady v. Maryland*, 373 U.S. 83 (1963), by *Giglio v.*

*United States*, 405 U.S. 150 (1972), and by the Jencks Act (18 U.S.C. § 3500) and Rules 12(h) and 26.2. Pursuant to the Due Process Protections Act, the Court confirms the Government's obligation to produce all exculpatory evidence to the defendant pursuant to *Brady v. Maryland* and its progeny, and orders it to do so. Failing to do so in a timely manner may result in consequences, including but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, or sanctions by the Court.

      **8. DISCLOSURE OF FEDERAL RULE OF EVIDENCE 404(b) MATERIAL.** All Rule 404(b) information shall be disclosed by the Government to the Defendant at least 7 days prior to trial unless otherwise ordered by the Court.

      **9. FURTHER DISCOVERY MOTIONS SHALL NOT BE FILED BY EITHER PARTY EXCEPT AS AUTHORIZED BELOW.** The Defendant may file with the Court a particularized "Notice of *Brady* Requests" made to the Government in order to satisfy any specificity requirements under *United States v. Agurs*, 427 U.S. 97 (1976). If a party contends that the opposing party has not provided the material required to be produced by this Order, that party may petition this Court for its disclosure only after a specific request for production has been denied by the opposing party. However, the Court will deny any such petition unless the party seeking production complies with the following requirements:

      **A.** Identifies with specificity the evidence required to be disclosed and the paragraph of this Order authorizing its production; and

      **B.** Identifies the attorney for the Government or attorney for the Defendant to whom a specific request for disclosure was made, the date such disclosure was denied and the proffered reason for denial.

Such petitions shall be filed by the motions deadline as set by the Magistrate Judge at arraignment; however, a petition shall not be refused as untimely where the opposing party has previously declined production on the grounds of present unavailability of the evidence or where the applicable law does not require production until after the motions deadline.

**10. PRESERVATION OF TAPES, NOTES AND OTHER MEMORANDA.** The Government shall not purposefully destroy any tapes, notes, electronic data, surveillance logs, reports, memoranda or communications generated in connection with this case until it is resolved.

**11. NON-DISCOVERY PRE-TRIAL MOTIONS.** All non-discovery pre-trial motions, including a motion for a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, shall be filed by the motions deadline as set by the Magistrate Judge at arraignment.

**12. RULE 16.1 PRETRIAL DISCOVERY CONFERENCE.** No later than 14 days after arraignment, the attorney for the Government and the Defendant's attorney will confer regarding pretrial discovery. If an extension of any of the deadlines set forth herein is necessary as to any item or category of discovery, the attorney for the party requiring the extension shall promptly notify the Court. If the parties conclude, based on the complexity of the case or otherwise, that a different scheduling order should be substituted for this Order, the parties shall promptly submit a joint scheduling order for the Court's consideration.

DATED: 9/9/2025

_____
**UNITED STATES MAGISTRATE JUDGE**